UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-CV-62449-SINGH/VALLE

JOSE TORRES,

    Plaintiff,

v.

GSD CONTRACTING, LLC., a Florida limited
Liability company, and JASON BATES, an
Individual,

    Defendants.
_____/

### PLAINTIFF'S AMENDED STATEMENT OF CLAIM

Plaintiff, Jose Torres ("Torres"), through counsel, files this Amended Statement of Claim, and states:

### PRELIMINARY STATEMENT

The calculations contained in this Amended Statement of Claim are made preliminarily and are subject to change once Torres obtains his time and pay records from the Defendant and as discovery in the case proceeds.

### STATEMENT OF CLAIM

Torres has a claim that goes back approximately 3 years. Within the past three (3) years (December 5, 2018, through June 29, 2021), Torres worked for the Defendant performing various duties: Torres worked under the title "Carpenter", which duties included manual labor performing actual construction work (largely carpentry skills) and vising various jobs sites to determine the status of various construction projects and the work being performed to report back to management. Torres had no ability to hire or fire or make effective recommendation for such decisions, nor did he supervise two or more full-time employees.

Torres was a non-exempt employee entitled to overtime. Torres job was a full-time position worked forty (40) hours a week. Torres worked the forty (40) hours required of him for the job but was not paid time and one-half for all hours worked in excess of forty (40) during a workweek.

Torres worked in excess of forty (40) hours per workweek, typically 45 hours per week. On average.  He was paid $23/hr.  So, for 5 overtime hours at an overtime rate of $34.50/hr for 134 weeks totals $23,115.00.

Ms. Torres is owed these monies from December 5, 2018, through June 29, 2021 (approximately 134 weeks).  The Defendants should have partial accurate records of hours worked at some point before May 2021 when Defendant disallowed Torres from personally submitting his time to payroll. In any event, Torres cannot provide a more accurate calculation without first obtaining the time and pay records that the Defendants possess and records from various Human Resource Information Systems Defendants utilized throughout Plaintiff's employment with Defendants.

Dated: April 28, 2022.

                Respectfully submitted,

                By: /s/  Allyson Morgado
                   Allyson Morgado
                   Fla. Bar No. 91506
                   amorgado@gkemploymentlaw.com
                   The Kleppin Law Firm
                   *Attorneys for Plaintiff*
                   8751 W. Broward Blvd
                   Suite 105
                   Plantation, FL 33324
                   Tel. (954) 424-1933
          Secondary E-Mails: assistant@gkemploymentlaw.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on April 28, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                 /s/Allyson Morgado
                                                 Allyson Morgado, Esq.